IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )      8:02CR432
                            )
      v.                    )
                            )
JAMES BENFORD,              )      ORDER
                            )
            Defendant.      )
_____)
```

This matter is before the Court on defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Filing No. 92). The defendant was indicted on December 18, 2002, in a one-count indictment which charged him with a conspiracy to distribute or possess with intent to distribute crack cocaine from on or about January 1, 1997, and continuing through December 18, 2002. The defendant entered a plea of not guilty, then on April 8, 2008, moved to waive his right to jury trial (Filing No. 27). The Court granted that motion (Filing No. 28).

On April 14, 2003, a bench trial was held, at the conclusion of which the defendant was found guilty of the conspiracy charged in the indictment (See Filing No. 47). He was subsequently sentenced to 324 months imprisonment, five years supervised release, and a $100 special assessment.

The defendant is now entitled pursuant to recent modifications to the United States Sentencing Guidelines for

crack cocaine to a reduction of his sentence.  Pursuant to the retroactive amendment to the cocaine base guidelines, the defendant's final offense level is reduced from 38 to 36.  His criminal history category remains at IV.  His sentence should be reduced to two hundred sixty-two (262) months imprisonment, considering the prior computation of specific offense characteristics, adjustments, and departures.

In addition to these reductions, he seeks a further modification of his sentence, arguing that the Court originally miscalculated his sentence and that other errors occurred in determining the amount of crack cocaine for which he should be held responsible and the resulting guideline sentence.  Nearly all of these arguments could have been raised at the time of his original appeal and, therefore, are waived.  In addition, the time to file a motion pursuant to 28 U.S.C. § 2255 has expired.  His arguments would be more appropriate in such a motion.  However, whether raised in a § 2255 motion or now, it is clear to the Court that they are without merit.  His motion for modification of sentence will be granted to the extent that the retroactive guidelines adopted by the Sentencing Commission with respect to crack cocaine will be applied; the balance of his motion will be denied.  Accordingly,

IT IS ORDERED:

1) Said motion to reduce sentence is granted to the extent that his sentence is reduced to two hundred sixty-two (262) months imprisonment.  He shall receive credit for time served.

2) All other conditions of his original sentence, entered in the original judgment and committal order remain in full force and effect.

3) The balance of defendant's motion is denied.

DATED this 14th day of October, 2009.

                        BY THE COURT:

                        /s/ Lyle E. Strom
                        _____
                        LYLE E. STROM, Senior Judge
                        United States District Court